# WALLACE v SHAW

Case No. AP85-10

Ninth Judicial Circuit, Orange County

April 18, 1986

### APPEARANCES OF COUNSEL

**Jay Rose, Greater Orlando Legal Services,** for appellant.
**Sam Murrell** for appellee.

### OPINION OF THE COURT

CECIL H. BROWN, Circuit Judge.

This is an appeal from an Order entered by The Honorable Anthony H. Johnson, County Judge, denying a Motion to Set Aside Default and Final Judgment, said Motion have been filed following the entry of a Final Judgment but was predicated on RCrP 1.540(b). Motions under this Rule may be filed at any time. Therefore, the time for appeal is not thirty (30) days after the entry of Final Judgment, but thirty (30) days following entry of the Order. Final Judgment was entered February 28, 1985, and it was filed March 6, 1986.

The Court listened carefully to the argument of counsel and has thoroughly reviewed the file and law incident to the questions raised, and is convinced that the motions should have been granted. Service of process was insufficient, if not in fact void. The law was not followed. See F. S. 48.183. It plainly requires that when the tenant cannot be found upon the premises or at some other address where personal service can be made, posting will be sufficient provided written notice of service (complaint or summons) is mailed to the Defendant at the address of the premises by the Clerk. Posting was sufficient in this case, but no such written notice was mailed and so certified by the Clerk as required. The notice to pay rent or deliver possession was erroneous on its fact, that is to say, the amount of the rent required to be paid as an alternative to delivery of possession was not stated on the face of the notice. This made the notice defective. The Clerk of the Court should be directed not to accept a person's complaint under circumstances where the notice is patently insufficient.

By some stretch of the imagination, it might be that the judgment for possession could have been entered, but certainly there was no jurisdiction for the entry of a money judgment. These views are all amply supported by the cases cited in counsel's brief.

No supersedeas was posted. In the light of the expiration of so much time, the question of possession has become moot. It is, upon consideration thereof

ORDERED and ADJUDGED that to the extent the Order of Appeal addresses itself to the money judgment, the same is hereby reversed and remanded to the lower court for further proceedings consistent with the views expressed herein.

DONE and ORDERED in Chambers at Orlando, Orange County, Florida, this 18th day of April, 1986.